PER CURIAM.
Appellant seeks review of an order denying his motion seeking post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Because it appears that the trial court misunderstood the nature of appellant’s claim, which we conclude is facially sufficient, we reverse.
According to the allegations made in his motion, appellant was convicted, following a jury trial, of sexual battery and lewd and lascivious assault upon a person under 16 years of age. His defense was that he had not had sexual relations with the victim. At trial, the state had relied upon DNA evidence to prove that he had had sex with the victim.
Appellant claims that his trial counsel was ineffective because he failed to object to the testimony of the Florida Department of Law Enforcement serologist who was not qualified to report the population frequency statistics upon which she relied because she had no knowledge about the database upon which her calculations were based. The trial court denied the claim, apparently upon the mistaken belief that appellant was complaining about another aspect of the serologist’s testimony to which trial counsel had objected.
If appellant’s allegations are true, the serologist’s testimony would not have been admissible had a proper objection been *942 made. See Murray v. State, 692 So.2d 157, 163-64 (Fla.1997). Therefore, the portions of the record attached to the order denying relief do not conclusively refute appellant’s facially sufficient allegations that trial counsel’s performance was deficient, and that there was a reasonable probability that the outcome of the trial would have been different but for the deficient performance. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Accordingly, we reverse the order denying relief on this claim. On remand, the trial court shall either attach to an order again summarily denying the claim portions of the record conclusively refuting it, or hold a hearing.
REVERSED and REMANDED, with directions.
BARFIELD, WEBSTER and BENTON, JJ., concur.